RAINBOW RESOURCES, INC., Plaintiff,

v.

Honorable Gerald CALF LOOKING, Judge of the Blackfeet Tribal Court, Gloria Gervais, Clerk of the Blackfeet Tribal Court, and Fred Bull Calf, Defendants.

No. CV–81–94–GF.

United States District Court,
D. Montana,
Great Falls Division.

Aug. 10, 1981.

J. Clayton LaGrone, Kent L. Jones, Mark Blongewicz, Hall, Estill, Hardwick, Gable, Collingsworth & Nelson, P. C., Tulsa, Okl., Richard L. Beatty, Aronow, Anderson, Beatty & Lee, Shelby, Mont., for plaintiff.

Philip E. Roy, Browning, Mont., for defendants.

## MEMORANDUM

HATFIELD, District Judge.

Plaintiff, Rainbow Resources, Inc., has brought the present action asking this court to issue an order restraining the defendants from enforcing a Temporary Restraining Order issued in the Blackfeet Tribal Court on July 7, 1981, and from further proceeding in any way with Civil Case No. 81 CA 282, denominated *Fred Bull Calf, et al. v. Rainbow Resources, Inc.,* now pending before that court. Defendants in the present action have countered by filing a motion to dismiss on the grounds that (1) the plaintiff, Rainbow Resources, has failed to establish that it will suffer irreparable injury and (2) that there is an action pending between the same parties in a court of competent jurisdiction (*i. e.,* the Blackfeet Tribal Court) which arises from the same set of operative facts.

Jurisdiction vests in this court pursuant to 28 U.S.C. § 1331. In that regard, this

court is acutely aware of the delicate ground upon which it treads in determining that jurisdiction lies with it rather than with the Blackfeet Tribal Court. The United States Supreme Court set forth the framework by which a federal district court is to determine if it has jurisdiction of a controversy arising on Indian lands and which involves Indian persons in *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). Evaluation of the factual setting from which the present controversy arises, in light of the parameters espoused in *Martinez*, leads this court to conclude that it does have jurisdiction over the action as presented.

Understanding of the ultimate disposition of the present controversy requires clarification of the factual situation from which it arises. Plaintiff, Rainbow Resources, Inc., a company engaged in oil exploration and production, entered into a lease with defendant, Fred Bull Calf (along with twenty-nine (29) other unnamed heirs to Blackfeet Allotment # 1002), on May 19, 1976, which granted plaintiff the right to explore for, produce, market and sell oil and gas from the affected lands for a period of five (5) years and so long thereafter as oil and gas was produced in paying quantities. The lease was issued under the approval of the Secretary of the Interior pursuant to 25 U.S.C. § 396.

Under Paragraph 3(g) of the lease, the parties agreed "[t]o abide by and conform to any and all regulations of the Secretary of Interior now or hereafter in force relative to such leases including 30 C.F.R. § 221." Such regulations, specifically 30 C.F.R. § 221.34(a), provide that once the area supervisor of the United States Geological Survey[1] has determined that a well is not "useful for the purpose of the lease", the well must be plugged and abandoned and "[e]quipment shall be removed and premises at the well site shall be properly conditioned immediately after plugging operations are completed on any well." Sub-

part (c) of that same regulation provides that "[d]rilling equipment shall not be removed from any suspended drilling well without first securing the written consent of the supervisor."

Plaintiff maintains that a well which it had begun in October of 1979 was completed as a dry hole in June or July of 1980, and since no production from the well existed, under its own terms the lease expired as of May 19, 1981. Plaintiff contends that as such it had the right to remove all or any equipment which had been placed on the leased premises for the purposes of development of the lease within ninety (90) days of that termination date provided it obtained authorization from the United States Geological Survey as required by 30 C.F.R. § 221.34. The required authorization was obtained on July 28, 1981.

In light of the suspension of drilling operations on the well in issue, defendant Fred Bull Calf filed a petition for injunction and temporary restraining order in the Blackfeet Tribal Court on June 12, 1981. On July 7, 1981 an order was entered by defendant, The Honorable Gerald Calf Looking, in his capacity as Tribal Court Judge, restraining the plaintiff in the present action, Rainbow Resources, from removing any equipment from the leased premises.

The events which transpired prompted plaintiff Rainbow Resources to invoke the jurisdiction of this court, asking it to declare, in essence, that the Tribal Court was without jurisdiction to issue the Temporary Restraining Order and to order that court from further enforcement of that order. The desired effect being that plaintiff Rainbow Resources would be free to remove its equipment from the leased premises.

[1] This court concludes that the plaintiff, Rainbow Resources, is correct in asserting that subject matter jurisdiction properly lies with this court and not with the Blackfeet Tribal Court. This conclusion is based on this court's interpretation of the rationale underlying the leading case of

---

1. Referring to the Area Oil and Gas Supervisor, Conservation Division of the Geological Survey, as defined in 30 C.F.R. § 221.2(c).

*Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). As a sovereign power, an Indian tribe is immune from civil suit absent an express waiver of that immunity by an act of Congress. *Id.* at 58, 98 S.Ct. at 1677. The Supreme Court in *Martinez* noted that, in determining the propriety of a cause of action for declaratory and/or injunctive relief under a statute which does not expressly authorize such action, the critical inquiry is whether Congress has made clear its intention to permit the intrusion on tribal sovereignty that such action would entail. *Id.* at 72, 98 S.Ct. at 1684. The factors to be considered in making this determination are: (1) Is the plaintiff one of the class for whose especial benefit the statute was enacted; (2) Is the legislative intent to create such a remedy implicit in the act; (3) Is such implication consistent with the purpose of the act; and (4) Is the cause of action one traditionally relegated to tribal law. *Id.* at 60, Footnote 10, 98 S.Ct. at 1678 n.10.

■ Evaluation of the present factual situation in light of the *Martinez* rationale leads this court to conclude that Congress has made clear its intention, that in the area of oil and gas leases on Indian land, such intrusion is permissible. In the exercise of its superior and plenary control, Congress has chosen to grant exclusive authority for the regulation, administration and supervision of oil and gas leases on lands allotted to individual Indians to the Secretary of Interior.[2] Consistent with *Martinez*, this court finds that implicit in this congressional act is a cause of action for declaratory and injunctive relief relating to enforcement of the regulations prescribed under 25 U.S.C. §§ 396, *et seq.*

■ Recognition by this court of its jurisdiction over the subject matter of the present action does not represent the end of the present inquiry. The plaintiff, Rainbow Resources, has requested that this court declare and order that it be allowed to remove the equipment in issue. Review of the pertinent regulations as promulgated by the Secretary of Interior concerning such leases, evidences to this court that such relief would not be appropriate at this time.

30 C.F.R. § 221.17, pertaining to regulation of oil and gas leases, provides that a party adversely affected by a decision of the area supervisor of the United States Geological Survey[3] may apply for reconsideration of any matter decided by the supervisor. Furthermore, after such reconsideration the supervisor must receive and transmit for review any appeal filed pursuant to 30 C.F.R. § 290.[4] The time limit imposed for the taking of such appeal is thirty (30) days as provided by 30 C.F.R. § 290.3(a).

Since the defendant, Fred Bull Calf, has a statutory right of appeal on which the time

---

2. 25 U.S.C. § 396 provides in pertinent part:

All lands allotted to Indians in severalty, ... may by said allottee be leased for mining purposes for any term of years as may be deemed advisable by the Secretary of the Interior; and the Secretary of the Interior is authorized to perform any and all acts and make such rules and regulations as may be necessary for the purpose of carrying the provisions of this section into full force and effect.

25 U.S.C. § 396d further provides:

All operations under any oil, gas or other mineral lease issued pursuant to the terms of any act affecting restricted Indian lands shall be subject to the rules and regulations promulgated by the Secretary of the Interior. In the discretion of the said Secretary, any lease for oil or gas issued under the provisions of sections 396a–396g of this title shall be made subject to the terms of any reasonable cooperative unit or other plan approved or prescribed by said Secretary prior or subsequent to the issuance of any such lease which involves the development or production of oil or gas from land covered by such lease.

3. *See* footnote # 2, *supra.*

4. 30 C.F.R. § 290.2 provides:

Any party adversely affected by a final order of a decision of an officer of the Conservation Division of the Geological Survey shall have the right to appeal to the Director, Geological Survey....

30 C.F.R. § 290.6 provides:

The procedure for appeals under this part shall be followed for permits and leases on Indian land except that with respect to such permits and leases, the Commissioner of Indian Affairs will exercise the functions vested in the Director, Geological Survey.

period for filing has not yet run,[5] this court would be remiss to grant the plaintiff, Rainbow Resources, the right to remove the equipment in question before allowing the defendant, Fred Bull Calf, the right to exhaust his administrative remedies. In light of this fact, this court concludes that the appropriate course of action which would be fundamentally fair to all parties is to grant a Preliminary Injunction preserving the *status quo.* The injunction so issued shall be in effect until August 27, 1981. The time limit so imposed will allow the defendant, Fred Bull Calf, to pursue his right to appeal the order of the area supervisor issued July 28, 1981, declaring the well in question "abandoned" under 30 C.F.R. § 221.34. At the expiration of that term, if the defendant Fred Bull Calf has not filed such notice of appeal with the area supervisor of the United States Geological Survey, the plaintiff Rainbow Resources shall be allowed to remove the equipment at issue in accordance with 30 C.F.R. § 221.34.

An appropriate order shall issue.

---

5. The order of abandonment from the United States Geological Survey was issued on July 28, 1981.